■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGIANNA G. HYDE, Also Known as CHIPPIE, Appellant. [666 NYS2d 518] —Mikoll, J. P. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered October 11, 1995, upon defendant's plea of guilty of the crimes of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the fifth degree.

Pursuant to a negotiated plea and sentencing agreement, defendant was sentenced as a second felony offender to two concurrent terms of imprisonment having a minimum of 3½ and a maximum of 7 years with the alternative of enrolling in and successfully completing a 90-day drug rehabilitation program at Willard Bay Drug Treatment Facility, in which case the balance of her sentence would be served on parole. For reasons which do not appear in the record, defendant did not complete the Willard program and is thus serving the original sentence imposed.

Defendant contends on this appeal that her plea agreement was involuntary in that when it was made she lacked sufficient information and understanding of the nature of the drug treatment program to make an informed acceptance of the plea and sentencing options. She further contends that the People breached their agreement to afford her the opportunity to complete an appropriate drug treatment program and that her sentence was otherwise harsh and excessive.

Defendant's arguments are premised on facts and events not contained in the record, which concludes with the sentencing on October 11, 1995. Whether she entered the program or why she failed to complete it is not a matter of record. We cannot

review that which is not before us or speculate on matters as to which there is no proof. Defendant's contentions, with the requisite supporting material, would properly be the subject of a CPL article 440 motion. Nor can we say that defendant's sentence is harsh or excessive, given the original charges. The terms of the sentence were clearly set forth on the record at the time of the plea and at sentencing, and defendant acknowledged that she was satisfied with same.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.